UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

YVONNE BAKER, et al.,         )
                            )
      Plaintiffs,        )        Civil No. 07-174-ART
                            )
and                       )
                            )
HUMANA, INC.,           )    **MEMORANDUM OPINION AND**
                            )            **ORDER**
      Intervening Plaintiff,  )
                            )
v.                        )
                            )
R.G. TRANSPORT, LLC, et al.,  )
                            )
      Defendants.       )
                            )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendants removed this action on the basis of diversity jurisdiction.  [R. 1 ¶ 14].
Defendants allege that Plaintiffs are citizens of Kentucky, Defendant R.G. Transport, LLC is an
Indiana corporation with its principal place of business in Indiana, and Defendant Richard Parker
is a resident of Indiana.  *Id.* at ¶ 9.  Defendants make no allegation of citizenship regarding
Intervening Plaintiff Humana, Inc.  None of the parties dispute this Court's subject matter
jurisdiction.  However, a district court must raise subject matter jurisdiction *sua sponte* at any
juncture because a federal court lacks authority to hear a case without it.  *Klepsky v. United
Parcel Serv.*, 489 F.3d 264, 268 (6th Cir. 2007).

The Notice of Removal fails to allege properly the citizenship of Defendants R.G.
Transport, LLC and Richard Parker.  As a limited liability company, R.G. Transportation has the
citizenship of each of its members.  *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed. Appx.

731, 732 (6th Cir. 2002) ("[A] limited liability company is not treated as a corporation and has the citizenship of its members . . . ."); *see also OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."); *Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members."); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that an LLC is a "citizen of every state of which its owners/members are citizens"); *PRAMCO, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006) (holding that an LLC has the citizenship of its members and noting that "every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members"); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise.  It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("The federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding."); *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that "defendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of Florida because both entities have Florida members").  The Notice of Removal fails to

disclose the citizenship of R.G. Transport, LLC's members.  Without such information, R.G.

Transport, LLC's citizenship cannot be determined.

The Notice of Removal also fails to allege properly the citizenship of Defendant Richard

Parker because it alleges only his residence.  Diversity jurisdiction under 28 U.S.C. § 1332

requires diversity of citizenship, and allegations of residency are insufficient to establish

citizenship for purposes of diversity jurisdiction.  *See, e.g., Tylka v. Gerber Prods. Co.*, 211 F.3d

445, 448 (7th Cir. 2000) ("[A]llegations of residence are insufficient to establish diversity

jurisdiction."); *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d

Cir. 1996) ("It is also clear that a statement of the parties' residence is insufficient to establish

their citizenship.").  Lastly, Defendants fail to allege the citizenship of Humana, Inc., which had

been granted leave to intervene under Kentucky law prior to removal to this Court.

Defendants may be able to amend their Notice of Removal to remedy this deficiency

pursuant to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be

amended, upon terms, in the trial or appellate courts."  Generally, amendments pursuant to

section 1653 are encouraged.  *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974) ("Amendment

to establish jurisdiction is broadly permitted, so as to effectuate Congress' intent in enacting §

1653–to avoid dismissals on technical grounds.").  Diversity jurisdiction must actually be

present, however, for the Court to allow the amendment.  *Campbell v. Equitable Life Assurance

Soc'y*, No. 94-5126, 1995 WL 478716, at *3 (6th Cir. Aug. 10, 1995) ("This court has allowed

defendants to cure defective allegations regarding diversity jurisdiction in their removal petition

'where such jurisdiction did in fact exist [and] after the time for removal had expired.'")

(alteration in original) (quoting *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d

963, 969 (6th Cir. 1993)).  As such, "[section] 1653, while permitting amendments to cure defective allegations of jurisdiction, does not permit amendments to remedy actual jurisdictional defects . . . ."  *Jackson v. Heh*, No. 98-4420, 2000 WL 761807, at *8 (6th Cir. June 2, 2000).  On the current record in this matter, the Court cannot determine whether complete diversity exists between the parties.  For obvious reasons and to preserve the parties' resources, the questions surrounding this Court's jurisdiction should be determined at this stage.

Accordingly, it is hereby **ORDERED** that within twenty (20) days of this Order Defendants shall **SHOW CAUSE** why this matter should not be dismissed for lack of subject matter jurisdiction.  In the event Defendants seek to prevent this matter from being remanded, they shall provide information in their response that will allow the Court to determine whether diversity jurisdiction exists.  Such information may be provided in an affidavit of counsel.  Defendants also shall attach to their response an Amended Notice of Removal incorporating proper allegations of citizenship.

This the 4th day of April, 2008.

Signed By:

*Amul R. Thapar*

United States District Judge

4